A90A2075. CRAIN v. THE STATE.
(399 SE2d 289)

BEASLEY, Judge.

Appellant pled guilty to driving under the influence and driving without a driver's license in his possession. He was sentenced to 12 months' probation on the first charge (plus fine and surcharges), and to a consecutive 12 months' probation plus a $350 fine on the second. Upon motion, the court modified the latter sentence by reducing the fine from $350 to $10, in accordance with OCGA § 40-5-29. Error is enumerated in the court's allowing the 12-month probation portion of the sentence on this second charge to stand.

OCGA § 40-5-120 (6) makes it a misdemeanor to violate OCGA § 40-5-29 (a), which requires that a licensee have his or her driver's license in possession when operating a vehicle. OCGA § 17-10-3 (a) (1) is the general law reciting the maximum punishments for misdemeanors. It states that it applies "except as otherwise provided by law . . . ." OCGA § 40-5-29 provides that for this specific misdemeanor, when the operator proves in court that he or she is actually licensed, the penalty for this failure to carry is a fine of up to $10.

When the legislature first required carrying the license, it provided in the same section the penalty for refusal to exhibit the license to a legal officer. Ga. L. 1937, pp. 322, 346, art. 4, § 7. The maximum was $50 and 6 months' imprisonment to work on public works. That punishment was carried forward when the law was amended in 1951. Ga. L. 1951, pp. 598, 600, § 4. Then when the law was revised in 1975, the offense was made subject to general misdemeanor punishment, except for instances in which the driver did not have the license in his

or her possession but produced it in court. Ga. L. 1975, pp. 1008, 1018, § 68B-210; p. 1041, § 68B-401 (7). It was at this time that the legislature instituted the exception and limited the penalty for it, within the self-contained subsection.

The affirmative duty which the legislature has imposed on licensed drivers is obviously an effort to expedite identification of a person, as an authorized driver or not, who is stopped on the road by an officer or as a result of a collision. Easily accessible and convenient tangible proof is no doubt one of the very purposes for which the State issues the document in the first place.

By expressly reducing the punishment to a fine of $10 in the limited circumstance carved out from general misdemeanor treatment, when otherwise the maximum would be $1,000, a term of up to 12 months, or both, the legislature has given this version of the offense a minimal status in the hierarchy of penal behavior. Such a nearly 99 percent reduction in the imposable fine for the driver's failure clearly indicates an intention to treat it almost as a mere warning.

It is inconceivable that the legislature would be primarily concerned with reducing the risk to the offender's pocketbook without a concomitant concern for his or her liberty. To say that a person can be imprisoned for 12 months but subjected to only a $10 fine, or less, would be to ignore the reduction in status sought to be achieved as well as the nature of the subject offense as particularized. Yet such would be the result of affirmance. It would also ignore the legislature's awareness of the intractable and chronic problem of insufficient jail and prison space and inadequate probation resources even for major felonies.

If the legislature meant to provide the imbalanced array of maximum sentences for the carved-out instances of the offense, it should have been more clear. "[I]t is our duty to construe penal statutes 'strictly against the State and liberally in favor of human liberty. . . .'" *Olson v. State*, 166 Ga. App. 104, 110 (5) (303 SE2d 309) (1983). Even if there is uncertainty as to what is intended, which we think there is not, " 'the accused is entitled to have the lesser of two penalties administered.' " Id.

*Judgment reversed. Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Carley, C. J., concurs in the judgment only. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

Under OCGA § 17-10-3 (a) (1), "Except as otherwise provided by law," misdemeanors are ordinarily punishable "either: (1) [b]y a fine not to exceed $1,000.00 or by confinement in the county . . . jail . . . or other such place . . ., for a total term not to exceed 12 months, or both." OCGA § 40-5-29 (c) limits to $10 the fine to be imposed for a

violation of that statute. Contrary to appellant's allegation and the majority's conclusion, there is no evidence of a legislative intent to limit punishment for violation of OCGA § 40-5-29 in any way other than the dollar amount of the fine. The trial court's construction of the statute, and its refusal to modify the remainder of the sentence, was therefore correct.

I must therefore respectfully dissent.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED NOVEMBER 26, 1990.

*Judson R. Knighton*, for appellant.

*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.